No. 24-2763

---

# United States Court of Appeals for the Eighth Circuit

---

Ronald Young,

Plaintiff – Appellant,

vs.

Eric Keyes, et al.,

Defendants – Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION
HONORABLE DANIEL M. TRAYNOR
UNITED STATES DISTRICT COURT JUDGE

---

## APPELLANT'S BRIEF

---

Eric A. Rice
Law Office of Eric A. Rice, LLC
1 West Water Street, Suite 275
St. Paul, MN 55107
651-998-9660

ATTORNEY FOR APPELLANT

Dane DeKrey
Ringstrom DeKrey PLLP
814 Center Avenue, Suite 5
Moorhead, MN 56560
218-284-0484

ATTORNEY FOR APPELLANT

## SUMMARY OF THE CASE

Ronald Young sued two Williston, North Dakota police officers for using excessive force against him in violation of his Fourth Amendment rights. Young argued the violation occurred when the officers threw him to the cold winter's ground even though he was neither physically resisting nor posing a safety threat.

The officers' account of the incident differed greatly from Young's. In their telling, Young was argumentative and possibly even physically resistant. Given this, the officers moved to dismiss Young's lawsuit. Rather than identifying the parties' competing accounts as the prototypical factual dispute precluding dismissal, the District Court wrongly relied on inferences in the officers' favor and facts at odds with Young's complaint and granted the officer's motion.

Knowing that at this stage of litigation he's entitled to inferences drawn in his favor instead of the officers' favor, Young appealed the District Court's decision. Applying the appropriate standard of review, this Court must reverse the District Court's ruling and permit Young's lawsuit to proceed.

## REQUEST FOR ORAL ARGUMENT

Young requests 20 minutes for oral argument.

# TABLE OF CONTENTS

Page

Summary of the Case .................................................................. i

Request for Oral Argument .......................................................... i

Table of Authorities ................................................................... iii

Jurisdictional Statement ...............................................................v

Statement of the Issues Presented for Review ............................1

Statement of the Case ................................................................ 2

Summary of the Argument .......................................................... 4

Argument......................................................................................5

    1)    Standard of review ............................................................5

    2)    Qualified immunity standard............................................ 6

    3)    The Fourth Amendment prohibits unreasonable force, including excessive force against nonthreatening, nonviolent suspects............................................................ 6

    4)    Young has stated a claim that the officers violated his Constitutional rights .........................................................7

        a) The officers used more than *de minimis* force on Young ..................7

        b) The officers used unreasonable force on Young ...........................10

    5)    It was clearly established that the officers used unreasonable force on Young ..........................................12

Conclusion...................................................................................14

Certificates of Service and Compliance...........................................15, 16

# TABLE OF AUTHORITIES

Page(s)

**United States Supreme Court Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................ 5, 6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................ 5, 6

*Graham v. Connor,*
490 U.S. 386 (1989) ........................................................................ 6

*Saucier v. Katz,*
533 U.S. 194 (2001) ........................................................................ 6

*White v. Pauly,*
580 U.S. 73 (2017) .......................................................................... 12

**United States Courts of Appeals Cases**

*Bauer v. Norris,*
713 F.2d 408 (8th Cir. 1983) ..................................................... 1, 11, 13

*Boude v. City of Raymore, Missouri,*
855 F.3d 930 (8th Cir. 2017) ....................................................... 5, 6

*Brown v. City of Golden Valley,*
574 F.3d 491 (8th Cir. 2009) ....................................................... 6, 7, 13

*Burnikel v. Fong,*
886 F.3d 706 (8th Cir. 2018) ................................................. 1, 9, 10, 13

*Cavataio v. City of Bella Villa,*
570 F.3d 1015 (8th Cir. 2009) ........................................................ 9

*Ehlers v. City of Rapid City,*
846 F.3d 1002 (8th Cir. 2017) ...................................................... 8, 9

*McDaniel v. Neal*,
  44 F.4th 1085 (8th Cir. 2022) ............................................................ 9

*Mitchell v. Shearrer*,
  729 F.3d 1070 (8th Cir. 2013) ........................................................... 6

*Montoya v. City of Flandreau*,
  669 F.3d 867 (8th Cir. 2012) ....................................................1, 7, 13

*Raines v. Counseling Assocs., Inc.*,
  883 F.3d 1071 (8th Cir. 2018) ................................................... 5, 6, 8

*Schoettle v. Jefferson Cnty.*,
  788 F.3d 855 (8th Cir. 2015) .............................................................10

*Shannon v. Koehler*,
  616 F.3d 855 (8th Cir. 2010) ........................................................1, 11

*Thompson v. Monticello, Arkansas, City of*,
  894 F.3d 993 (8th Cir. 2018) ............................................... 5, 8, 12, 13

*Waters v. Madson*,
  921 F.3d 725 (8th Cir. 2019) ......................................................... 5, 6

*Westwater v. Church*,
  60 F.4th 1124 (8th Cir. 2023) .............................................................7

## United States Code

28 U.S.C. § 1331 .........................................................................................v

28 U.S.C. § 1343(a)(3) ...............................................................................v

42 U.S.C. § 1983 .........................................................................................v

42 U.S.C. § 1988.........................................................................................v

# JURISDICTIONAL STATEMENT

Ronald Young appeals from the District Court's Final Judgment granting Defendants' Motion to Dismiss entered on July 31, 2024. (Add. 12; App. 19; R. Doc. 18, at 1.) Young timely filed his notice of appeal on August 29, 2024. (Add. 13–15; App. 20–22; R. Doc. 19, at 1–3.) The District Court had original jurisdiction under 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has jurisdiction under 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

**The District Court erred when it granted Defendants' motion to dismiss and dismissed Ronald Young's case with prejudice because he stated a Fourth Amendment claim based on excessive force when Defendants forcefully threw him to the ground despite the absence of resistance or a safety threat.**

*Bauer v. Norris*, 713 F.2d 408 (8th Cir. 1983)
*Montoya v. City of Flandreau*, 669 F.3d 867 (8th Cir. 2012)
*Shannon v. Koehler*, 616 F.3d 855 (8th Cir. 2010)
*Burnikel v. Fong*, 886 F.3d 706 (8th Cir. 2018)

## STATEMENT OF THE CASE

In the frigid evening hours of December 31, 2019, Plaintiff Ronald Young was driving a vehicle in Williston, North Dakota. (App. 2; R. Doc. 1, at 2.) Defendants Eric Keyes and Nick Rintamaki, both Williston police officers, stopped Young based on an alleged improper turn. (App. 2; R. Doc. 1, at 2.) During the stop, Defendants observed indicia of alcohol intoxication, and they expanded the stop to conduct a DWI investigation. (App. 3; R. Doc. 1, at 3.) Defendants removed Young from his vehicle and required him to stand behind the vehicle on the side of the road. (App. 3; R. Doc. 1, at 3.) Young complied. Now behind the vehicle, Defendants directed Young to do eye and walking tests on the roadside near traffic. (App. 3; R. Doc. 1, at 3.) Young again complied. During the testing, Defendants made no indication that they feared for their safety due to the nighttime roadside location.

After Young took the two tests, Defendants requested he take a third test to determine his estimated blood alcohol content. (App. 3; R. Doc. 1, at 3.) Young was confused and frustrated by this request, believing Defendants were requiring him to repeat a test that he had already taken. In response to his verbal protestation, and without warning, Defendants grabbed Young by the arms and violently threw him to the ground face-first. (App. 3; R. Doc. 1, at 3.) Defendants did so without first asking Young to put his hands behind his back or telling him that force was about to be used.

(App. 3; R. Doc. 1, at 3.) When the use of force occurred, Young wasn't in his vehicle, had made no threatening gestures towards Defendants, and wasn't in possession of a weapon.

While the District Court found Young "argumentative" at the time Defendants threw him to the ground, Young alleges that he was merely responding to escalation by Defendants, not being an aggressor himself. (Add. 7–8; App. 14–15; R. Doc. 17, at 7–8.) Further, Young's alleged "resistance" occurred in response to Defendants' use of force, and a factfinder could reasonably find that his movements were a rational response to the pain inflicted by the Defendant's use of force, not an effort to resist. Because Defendants were holding Young's arms at the time of the takedown, he was unable to protect himself as he was thrown to the frozen, snow-packed ground. (App. 3; R. Doc. 1, at 3.) On the ground, Defendants put their weight on Young and held his arms in a painful position. (App. 3; R. Doc. 1, at 3.) Due to the force used by Defendants, Young's face and chin were lacerated and his glasses broken. (App. 3; R. Doc. 1, at 3.) Young was taken from the scene in an ambulance to receive medical attention and evaluation. (App. 23 at 24:10–25:36; R. Doc. 9.)

Young sued Defendants for violating his Fourth Amendment rights due to their excessive use of force against him. (App. 4–5; R. Doc. 1, at 4–5.) Defendants moved to dismiss, arguing that Young failed to state a claim. Defendants attached

video recordings to their motion and also relied on other materials produced by Defendants. (App. 23; R. Doc. 9.) The video recordings produced by Defendants corroborate the facts stated in Young's complaint. The District Court relied on the materials produced by Defendants and granted their motion to dismiss. (Add. 1–11; App. 8–18, R. Doc. 17, at 1–11.) But much of the District Court's fact-finding *was not* corroborated by the video recordings produced by Defendants. The District Court made its dismissal decision under the first prong of the qualified immunity analysis: it found no constitutional violation had occurred, that "the officers' use of force in arresting Young was objectively reasonable under the circumstances," and so its "evaluation end[ed] there." (Add. 5–6, 11; App. 12–13, 18; R. Doc. 17, at 5–6, 11.) Young timely appealed. (Add. 13–15; App. 20–22; R. Doc. 19, 1–3.)

## SUMMARY OF THE ARGUMENT

The District Court improperly relied on inferences in Defendants' favor and facts in conflict with Young's complaint when granting Defendants' motion to dismiss. Allegations in Young's complaint, and inferences in his favor, support that he did not resist and did not pose a safety threat to require use of force from the officers. A dispute also exists as to the severity of the force used by the officers, including the extent of Young's injuries. Although the District Court found that the force used was *de minimis*, that finding contradicts Young's allegations and is an

inappropriate determination at this stage of litigation. The District Court also stated that Young posed a safety risk that supported use of force by accepting inferences in favor of Defendants. But again, at the pleadings stage, Young is entitled to inferences drawn in his favor, not Defendants. Disputed facts, such as the alleged safety risk that Young posed, must not result in dismissal with prejudice before Young has an opportunity to offer evidence in support of his position or have a neutral factfinder resolve factual disputes. Because the District Court erred when it failed to take Young's allegations as true and draw inferences in his favor, and improperly held that Defendants' use of force under the circumstances was lawful, Young is entitled to reversal of the order granting the motion to dismiss.

## ARGUMENT

### 1) Standard of review.

A grant of a motion to dismiss is reviewed *de novo. Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). When considering a motion to dismiss, a court must "accep[t] as true all factual allegations in the light most favorable to the nonmoving party." *Id.* (citation omitted). Video evidence may be considered and may overrule a plaintiff's allegations if it "blatantly contradicts" them. *Boude v. City of Raymore, Missouri*, 855 F.3d 930, 933 (8th Cir. 2017) (cleaned up). But inconclusive video evidence must be construed in the nonmoving party's favor. *Thompson v. Monticello, Arkansas, City of*, 894 F.3d 993, 999 (8th Cir. 2018); *Raines v. Counseling Assocs., Inc.*,

883 F.3d 1071, 1074–75 (8th Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## 2) Qualified immunity standard.

Qualified immunity serves to dismiss a claim against a public employee "if the alleged conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Boude*, 855 F.3d at 933 (cleaned up). Qualified immunity is a two-part inquiry: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Mitchell v. Shearrer*, 729 F.3d 1070, 1074 (8th Cir. 2013) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A court should apply qualified immunity "only if no reasonable factfinder could answer yes to both of these questions." *Waters*, 921 F.3d at 735 (cleaned up). A court may analyze either prong first. *Id.*

## 3) The Fourth Amendment prohibits unreasonable force, including excessive force against nonthreatening, nonviolent suspects.

The Fourth Amendment protects people against unreasonable searches and seizures. An officer's use of force during a seizure must be objectively reasonable to comply with the law. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989). "Force is least

justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public." *Brown v. City of Golden Valley*, 574 F.3d 491, 499 (8th Cir. 2009). It's unreasonable for officers to "throw to the ground a nonviolent, suspected misdemeanant who was not threatening anyone, was not actively resisting arrest, and was not attempting to flee." *Montoya v. City of Flandreau*, 669 F.3d 867, 873 (8th Cir. 2012).

### 4) Young has stated a claim that the officers violated his Constitutional rights.

The District Court erred in concluding that Young failed to plead a plausible Fourth Amendment excessive force claim.

### a) The officers used more than *de minimis* force on Young.

First, the District Court erred when it found that officers used *de minimis* force that did not violate the Fourth Amendment. Caselaw distinguishes between *de minimis* force, which does not support a Fourth Amendment claim, and *de minimis* injury, which is actionable if greater than *de minimis* force is used. *Westwater v. Church*, 60 F.4th 1124, 1129 (8th Cir. 2023). An officer's use of striking or takedown maneuvers can constitute more than *de minimis* force. *See, e.g.*, *id.* (five strikes to the back of the head is more than *de minimis* force); *Montoya*, 669 F.3d at 871–72 (leg sweep constituted more than *de minimis* force).

At the very least, there are fact issues regarding the severity of Defendants' use of force that prevent disposition of the claim at the pleadings stage. Young has alleged that he was violently thrown to the ground while his arms were restrained, which prevented him from guarding against his face striking the frozen ground. After the takedown, the officers remained on top of Young and continued to use force. Young was taken from the scene in an ambulance and received medical attention and evaluation. The use of force was enough to cause facial lacerations and break Young's glasses. While the specifics regarding Defendants' use of force are not described in detail in Young's complaint, the general allegations are supported by the video that a factfinder could use to conclude that officers used unreasonable and more than *de minimis* force against Young. At this stage, a court must resolve inferences in favor of Young and permit the claim to proceed because the video does not conclusively demonstrate that officers used no more than *de minimis* force. *See Thompson*, 894 F.3d at 999; *Raines*, 883 F.3d at 1074–75.

The District Court's reliance on *Ehlers v. City of Rapid City*, 846 F.3d 1002 (8th Cir. 2017) does not support dismissal of Young's claim with prejudice. *Ehlers* was decided on summary judgment and has facts distinguishing it from this case. There, the court did not hold that the use of force was *per se de minimis*. *Ehlers*, 846 F.3d at 1011. Rather, the court held the officers' takedown was reasonable given the

plaintiff's conduct. *Id*. In *Ehlers*, the plaintiff refused two commands to put his hands behind his back and officers provided two warnings before taking down the plaintiff. *Id*. Here, by contrast, officers used force *before* ever asking Young to put his hands behind his back or warning him that force would be used. Further, "the reasonableness of a use of force is a fact-intensive inquiry," so *Ehlers* should not be broadly applied to bar Young's claim when both the procedural posture and material facts differ. *McDaniel v. Neal*, 44 F.4th 1085, 1091 (8th Cir. 2022).

The other decision the District Court relied on, *Cavataio v. City of Bella Villa*, 570 F.3d 1015 (8th Cir. 2009), was also decided on summary judgment and its facts again differ materially from this case. In *Cavataio*, the plaintiff brought a suit because he was handcuffed in a painful manner and kneed as he was placed in a patrol car. 570 F.3d at 1017. The court ruled for the officer, holding that his "*de minim[i]s* use of force" was "insufficient to rise to the level of a Fourth Amendment violation." *Id*. at 1020. Here, by contrast, Young alleges more than mere pain due to routine handcuffing or placement in a squad car. Defendants threw Young face-first onto the frozen, snow-packed ground and continued twisting his arms without any need. Throwing a restrained person onto the ground can constitute force to support a Fourth Amendment claim. *Burnikel v. Fong*, 886 F.3d 706, 712 (8th Cir. 2018) ("[A] reasonable officer would have understood that purposefully dropping [plaintiff] face-

first onto the concrete after he had been subdued and handcuffed would violate clearly established law.").

### b) The officers used unreasonable force on Young.

The District Court also erred when it held that Defendants used reasonable force on Young. In support of that holding, the District Court improperly made inferences in favor of Defendants and refused to credit Young's allegations as required at this stage.

Young alleges that he posed no safety threat to the officers, and the video produced by Defendants does not blatantly contradict Young's allegations. At the time force was used, Young had undergone a series of DWI tests and was confused about why seemingly duplicative testing was being pursued. Young was not in his vehicle, had not made any threatening gestures, and did not possess a weapon. Thus, there are sufficient allegations for a factfinder to find that Young did not pose a safety threat requiring use of force.

The District Court improperly suggests that the nature of the offense, driving while impaired, presented a per se safety threat to officers. But that threat exists when a suspect is "in command of a running vehicle." *Schoettle v. Jefferson Cnty.*, 788 F.3d 855, 860 (8th Cir. 2015) (cleaned up). Here, Young was out of his vehicle and not in a position to command it or flee in it. Second, the District Court suggests

that Young's physical location presented a safety threat to officers. But Young was in a position as directed by officers, not one of his own choosing. Defendants directed Young to do eye and walking tests on the roadside near traffic. And during the testing, officers didn't make any indication that they feared for their safety due to the location. Young also didn't refuse to move to a safer location upon request by officers. Thus, a reasonable factfinder could find that the location was suitable for the stop and didn't pose any safety risks that required use of force by the officers.

Next, the District Court erroneously condoned use of force based on Young's demeanor. Although the District Court found Young "argumentative" (Add. 7–8; App. 14–15; R. Doc. 17, at 7–8), Young alleges that he was responding to escalation by Defendants, not being an aggressor himself. Regardless, use of force is not permitted merely because a suspect is "argumentative, contentious, or vituperative." *Bauer v. Norris*, 713 F.2d 408, 412 (8th Cir. 1983) (cleaned up); *see also Shannon v. Koehler*, 616 F.3d 855, 865 (8th Cir. 2010) ("Although [the suspect] greeted [the officer] in a disrespectful, even churlish manner, that alone did not make [the officer's] use of force acceptable under extant law."). Further, Young's alleged "resistance" occurred in response to Defendants' use of force, and a factfinder could reasonably find that Young's movements were a rational response to the pain

inflicted by the officers' force, not an effort to resist. At this stage, that inference must be drawn in Young's favor and should not be used to bar his claim.

Here, Young was confused and frustrated that officers asked him to repeat a DWI test that he thought he had already taken. In response to his verbal protestation, officers grabbed Young and, without warning, violently threw him to the ground face-first. Officers continued holding Young in a painful position despite the absence of any need. The video does not blatantly contradict Young's assertions—indeed, it confirms Young's account—and it should be left to a factfinder to resolve the many disputes about the circumstances surrounding the use of force, as well as the use of force itself. Because a reasonable factfinder could find that Young presented no need for use of force and Defendants' use of force was unreasonable, Young should be permitted to have his claim heard.

### 5) It was clearly established that the officers used unreasonable force on Young.

For a right to be clearly established, prior case law need not be directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal quotation omitted). It is "not necessary, of course, that the very action in question has previously been held unlawful." *Thompson*, 894 F.3d at 999 (internal quotation

omitted). The key question is "whether there was a fair and clear warning of what the Constitution requires." *Id*.

Here, officers had clear notice that they could not use force against someone who was merely frustrated because he was asked to do further testing he believed he already completed. It has been long-held that force is "least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose little or no threat to the security of the officers or the public." *Brown*, 574 F.3d at 499. An officer may not use force against someone merely because they are argumentative. *Bauer*, 713 F.2d at 412 ("Force can only be used to overcome physical resistance or threated force."). And throwing a person face-first into the ground can be considered unreasonable force. *Burnikel*, 886 F.3d at 712. An excessive takedown can also constitute unreasonable force. *Montoya*, 669 F.3d at 871–72.

Defendants were thus on notice that they could not use force in response to being frustrated by Young. The contours of the law are not in dispute. Rather, Defendants seek to have disputed facts resolved in their favor to support that Young posed a safety threat or that the force used was not excessive. Those matters must be resolved by a factfinder, however, and cannot bar Young's claim at this early stage. Because fact disputes remain and should be resolved at trial, Defendant's motion to dismiss should have been denied.

## CONCLUSION

The District Court erred when it resolved inferences in Defendants' favor and failed to apply clearly-established law to Ronald Young's allegations. Because Young has stated a claim for excessive force in violation of his constitutional rights, this Court should reverse the District Court and deny Defendants' motion to dismiss.

Dated: December 10, 2024                    Respectfully submitted,

 

 

Dane DeKrey (#09524)
**Ringstrom DeKrey PLLP**
814 Center Avenue, Suite 5
Moorhead, MN 56560
218-284-0484
dane@ringstromdekrey.com

## CERTIFICATE OF SERVICE

I certify that on December 10, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

In addition, I certify the electronic version of the foregoing has been scanned for viruses using Symantec Antivirus Corporate Edition, and that the scan showed the electronic version of the above brief is virus-free.

*/s/ Dane DeKrey*
Dane DeKrey
Attorney for Ronald Young

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,978 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in 14-point Equity font.

Dated: December 10, 2024

*/s/ Dane DeKrey*
Dane DeKrey
Attorney for Ronald Young